894 F.2d 403
 29 Fed. R. Evid. Serv. 353
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Stephen RILEY, Defendant-Appellant.
 No. 89-5615.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 2, 1989.
Decided: Jan. 5, 1990.
 
 Mary V. Carrigan, on brief, for appellant.
 Thomas J. Ashcraft, United States Attorney; Robert J. Conrad, Jr., Assistant United States Attorney, on brief, for appellee.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Charles Stephen Riley appeals from his conviction for using an unauthorized access device in violation of 18 U.S.C. Sec. 1029(a)(2) and for knowing possession of stolen mail in violation of 18 U.S.C. Sec. 1708. Riley argues that the trial court erred in admitting evidence of prior bad acts pursuant to Rule 404(b) of the Federal Rules of Evidence. Because our review of the record leads us to conclude that this argument lacks merit, we affirm the judgment of conviction.
 
 I.
 
 2
 In July 1987, First Union National Bank mailed Mastercards to Robert and Mary Baker. The Bakers never received the cards. Charges made by someone other than the Bakers soon began to appear on the credit card accounts. Investigators traced the sales slips from these unauthorized charges to defendant Charles Stephen Riley. Numerous witnesses positively identified Riley as the unauthorized user of the credit cards. In addition, Mark Faile, an acquaintance of Riley, testified that between January and July 1987 (the six-month period prior to the instant offense) Riley had shown him stacks of stolen mail on numerous occasions. Faile also testified that he saw Riley place pamphlets in mailboxes as a ruse to look for checks and credit cards. Riley was convicted for using an unauthorized access device, 18 U.S.C. Sec. 1029(a)(2), and for knowing possession of stolen mail, 18 U.S.C. Sec. 1708.
 
 II.
 
 3
 Riley argues that the district court erred in admitting Faile's testimony concerning Riley's alleged prior bad acts. He contends that Faile's testimony was neither relevant nor reliable, and should have been excluded under Fed.R.Evid. 404(b).
 
 
 4
 We disagree. Rule 404(b) defines the instances in which "prior bad act" evidence is relevant and thus admissible. The Rule allows admission of testimony concerning a defendant's prior bad acts for the purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Faile's testimony was relevant in numerous respects. It pointed to Riley's knowledge that the cards were stolen; it showed that Riley had a specific plan of operation for stealing mail; it related to Riley's primary defense of identity; and it demonstrated Riley's motive and intent in stealing and using the credit cards. The district court did not abuse its discretion in admitting the testimony or in concluding that its probative value outweighed its potential for unfair prejudice. The cautionary instruction given by the district court further moderated any danger of impermissible prejudice. See United States v. Velasquez, 847 F.2d 140 (4th Cir.1988).
 
 III.
 
 5
 For the foregoing reasons, the judgment of conviction is
 
 
 6
 AFFIRMED.